IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOTHAM CITY ONLINE, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ART.COM, INC.,<br><br>    Defendant.<br>_____/ | No. C 14-00991 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 12, 2014, AT 10:00 A.M.: The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.

      If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

1. Does either party contend that the Court cannot, or should not, resolve the TRO until the Court resolves the issue of whether BraunHagey should be disqualified?
2. Gotham City relies on *Neal v. Healthnet, Inc.*, 100 Cal. App. 4th 831 (2002), *Fox Searchlight v. Paladino*, 89 Cal. App. 4th 294 (2001), and *Bell v. 20th Century Ins. Co.*, 212 Cal. App. 3d 184 (1989) for the proposition that it is not improper for a client to disclose information to his or her counsel in the prosecution of his or her own lawsuit. However, the Principals are not parties to *this* case, and, notwithstanding the allegations set forth in paragraphs 32-52 of the Complaint, Gotham City's claims against Art.com do not relate to alleged whistleblowing activity.
   a. Why do those facts not distinguish this case from *Neal, Fox Searchlight* and *Bell*?
   b. Similarly, although Gotham City argues that disqualification would not remedy the situation, because the facts at issue are known to the Principals, why would they need to disclose such information to new counsel to prosecute the claims in this case?
3. If the Court were to determine that it would need to review the documents to resolve the disqualification issue, would Art.com be willing to produce them to the Court.
4. Can Art.com attest that it has fully migrated its business from the Gotham Servers?
5. Is Art.com willing and able to provide a declaration that any copies of Gotham City property that Art.com copied from the Gotham Servers have been destroyed?
6. What is Gotham City's response to Art.com's argument that the parties had a contract of indefinite length to share the space on the Gotham Servers?
7. In order to obtain a TRO, Gotham City has the burden of showing a "likelihood of irreparable injury – not just a possibility – in order to obtain preliminary relief." *Winter. v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). Gotham City contends that its customers have been subjected to "potential misuse" of their information, and that Art.com can use the information it took to compete with Gotham

1  City and can misuse the information it acquired.  What is Gotham City's best argument
2  that it has shown that irreparable injury is likely and not merely possible?
3  **IT IS SO ORDERED.**
4  Dated: March 11, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3