**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOTHAM CITY ONLINE, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ART.COM, INC.,<br><br>    Defendant.<br>_____/ | No. C 14-00991 JSW<br><br>**ORDER GRANTING, IN PART, MOTION TO DISQUALIFY COUNSEL**<br><br>**(Docket No. 20.)** |

Now before the Court for consideration is the motion to disqualify counsel, filed by Defendant, Art.com. The Court has considered the parties' papers, relevant legal authority, and has had the benefit of oral argument. The Court HEREBY GRANTS, IN PART, Art.com's motion.

**BACKGROUND**

This case arises out of a business relationship gone bad. In 2012, the principals of Plaintiff, Gotham City Online, LLC ("Gotham City"), Adam Hersh, David Topkins, and Jonathan Garriss (the "Principals") sold an internet based poster business, Poster Revolution, to Art.com. (Compl. ¶¶ 2, 16-17; Docket No. 26-2, Declaration of Chuck Kurth ("Kurth Decl."), ¶¶ 5-7, Ex. A ("Bill of Sale"); Docket No. 20-2, Declaration of Evette Pennypacker ("Pennypacker Decl."), ¶ 2 (identifying Principals).).) As part of this sale, the Principals became employees of Art.com and continued to operate Gotham City as a separate business. However, the websites for Gotham City and Poster Revolution were stored in separate locations "on the same two servers, leased from third-party Rackspace (the "Gotham Servers")." (Compl. ¶ 16.)

On January 27, 2014, Art.com suspended the Principals and requested that they return all Art.com information in their possession by 5:00 p.m. on January 28, 2014. (*Id.* ¶ 23; Pennypacker Decl., ¶ 2.) On January 28, 2014, Art.com terminated the Principals. (*Id.* ¶ 23; Docket No. 20-1, Declaration of Kevin Lucas ("Lucas Decl."), ¶ 5.) On January 29, 2014, Gotham City gave Art.com notice that it was terminating "any and all contracts, agreements, and arrangements" between them and demanded that Art.com migrate all Art.com property off of the Gotham Servers. (*Id.* ¶ 24.)

On January 30, 2014, Gotham City's counsel, who also serves as counsel for the Principals, Noah Hagey of BraunHagey & Bolden LLP ("BraunHagey") sent Art.com a letter, in which the Principals claimed that Art.com wrongfully terminated them in retaliation for whistleblowing activity. (Lucas Decl., ¶ 6.) BraunHagey also sent Art.com a "Proffer of Evidence" and copies of documents, which include e-mails that Art.com claim are subject to the attorney-client privilege. According to Art.com, the Proffer contains facts that are substantially similar to the allegations set forth in paragraphs 32-53 of the Complaint.[1] (*Id.*, ¶¶ 7-13, 15-16; Pennypacker Decl., ¶¶ 4, 6, 7 Exs. 1, 3.) BraunHagey denies using the Proffer or the exhibits to draft the Complaint, and it has attested that the facts set forth therein were based on interviews with the Principals and publicly available information. (*See, e.g.,* Docket No. 32-1, Declaration of J. Noah Hagey ("Hagey Decl."), ¶ 33.)

On February 4, 2014, counsel for Art.com advised BraunHagey that the documents attached to the Proffer were privileged and that BraunHagey's use of those documents warranted disqualification. (Pennypacker Decl., ¶ 7.) Art.com attests that it demanded that BraunHagey return the privileged documents and that BraunHagey refused. (*Id.*, ¶ 15.) Mr. Hagey attests that as soon as Art.com's counsel claimed privilege, he "ceased further review of those documents, instructed all personnel in [his] firm to do the same, and began the process of removing access by [his] firm to any such materials pending guidance from the Court." (Hagey

---

[1] Gotham City argues that their whistleblower claims are unrelated to this case. (Opp. Br. at iv:25-26, 3:16-20.) At the same time, Gotham City has relied on the facts that support the whistleblower claims to assert Art.com has caused it irreparable harm in this case. (Compl. ¶¶ 31-53.)

2

Decl., ¶ 24; *see also* Docket No. 32-12, Declaration of Alfredo W. Amoedo ("Ameodo Decl."), ¶¶ 15-16 (noting that emails were "quarantined").) The BraunHagey firm did, however, provide the documents to Loren Kieve, Esq. in order to obtain an ethics opinion on its conduct. (Hagey Decl., ¶ 30.)

The Principals retained BraunHagey in May 2013. (*Id.*, ¶ 4.) Mr. Hagey attests that "in or around late October 2013," the Principals began providing him with emails, including the emails that gave rise to this motion. (*Id.* ¶¶ 6-8; *see also* Ameodo Decl., ¶¶ 4, 7-9.)

On March 4, 2014, Gotham City filed the complaint in this case, in which it asserts claims for misappropriation of trade secrets, violations of the Computer Fraud and Abuse Act, 18 U.S.C. section 1030, violations of the Stored Communications Act, 18 U.S.C. section 2701, negligent interference with prospective and existing economic advantage, conversion, and trespass to chattels. In brief, Gotham City alleges that Art.com altered the security and administrative credentials for the Gotham Servers and improperly accessed Gotham City's portion of the Gotham Servers. (Compl. ¶ 24.) Gotham City also alleges that Art.com intentionally accessed Gotham City's codes and database, and copied and moved Gotham City trade secrets and intellectual property from the Gotham Servers to another location. (*Id.* ¶¶ 26-28.)

On that same day, Art.com initiated a separate arbitration proceeding against the Principals asserting claims for, *inter alia*, fraud, breach of fiduciary duty, breach of contract, and declaratory relief. (Pennypacker Decl., ¶ 14.)[2]

On March 5, 2014, Art.com filed this motion, in which it asks the Court to disqualify BraunHagey from serving as counsel for Gotham City, the Principals, or any of Gotham City's employees in this matter. Art.com also asks the Court to disqualify BraunHagey from representing Gotham City, its Principals or its employees in "any dispute between Gotham, its Principals and/or employees and Art.com stemming from Art.com's acquisition of Consolidated Consignment Company or the Principal's former Art.com employment." (Mot. at 2:5-11.)

---

[2] Art.com contends that this action also is subject to arbitration filed a motion to compel arbitration on March 5, 2014. The Court stayed briefing on that motion pending resolution of this motion.

3

**ANALYSIS**

**A.     Applicable Legal Standards.**

A district court has the inherent authority to disqualify counsel. *See United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996). Lawyers who appear before the United States District for the Northern District of California are required to comply with the California Rules of Professional Conduct. *See* Civ. L.R. 11-4(a)(1) (requiring that all members of the bar of this Court and attorneys permitted to practice before the Court pro hac vice must be "familiar and comply with the standards of professional conduct required of members of the State Bar of California"). In order to determine whether to disqualify counsel, the Court applies California law. *See In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000); *Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1160 (N.D. Cal. 2006).

A court should examine a motion to disqualify counsel carefully "to ensure that literalism does not deny the parties substantial justice." *People ex rel Dept. of Corporations v. Speedee Oil Change Systems, Inc.*, 20 Cal. 4th 1135, 1144 (1999) ("*Speedee Oil*"). Thus, a court must balance such varied interests as a party's right to chosen counsel, the interest in representing a client, the burden placed on a client to find new counsel, and the possibility that "tactical abuse underlies the disqualification motion." *Id.* at 1145.

An order of disqualification of counsel is a drastic measure, which courts should hesitate to impose except in circumstances of absolute necessity. *In re Marvel*, 251 B.R. 869, 871 (N.D. Cal. 2000) (citing *Schiessle v. Stephens*, 717 F.2d 417 (7th Cir. 1983)). Motions for disqualification are often tactically motivated and they tend to derail the efficient progress of litigation. *Evans v. Artek Systems Corp.*, 715 F.2d 788, 791 (2d Cir. 1983). The moving party, therefore, carries a heavy burden and must satisfy a high standard of proof. *Id.* Because of the potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny. *Optyl Eyewear Fashion International Corp. v. Style Companies, Ltd.,* 760 F.2d 1045, 1049 (9th Cir. 1985) (citing *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721-22 (7th Cir. 1982)). "Ultimately, however, a court must maintain ethical standards of professional responsibility." *Hitachi*, 419 F. Supp. 2d at 1161 (citing *Speedee Oil*, 20 Cal. 4th at 1145).

### 2. The Court Disqualifies the BraunHagey Firm From Representing Gotham City Online LLC in this matter.

Art.com argues that BraunHagey obtained and used Art.com privileged communications from the Principals to develop Gotham City's claims against Art.com in this case. Thus, Art.com's motion requires the Court to evaluate the "ethical obligations of a lawyer when that lawyer comes into possession of privileged materials without the holder of the privilege having waived it." *Clark v. Superior Court*, 196 Cal. App. 4th 37, 48 (2011).

In such a situation, California law provides that an attorney "may not read a document any more closely than is necessary to ascertain that it is privileged. Once it becomes apparent that the content is privileged, counsel must immediately notify opposing counsel and try to resolve the situation." *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 810 (2007) (citing *State Compensation Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644 (1999)); *see also id.* at 815-18; *cf. Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (counsel "should refrain from examining the materials, notify the sending lawyer and abide the instructions of the laywer who sent them"). Courts have applied the rule articulated in *Rico* to situations where the production of privileged information is not inadvertent. *See, e.g., Clark*, 196 Cal. App. 4th at 49; *United States ex rel Hartpence v. Kinetic Concepts, Inc.*, 2013 WL 2278122 (C.D. Cal. May 20, 2013) (disqualifying counsel for relators in a *qui tam* action who received privileged information from relators, transmitted information to United States attorney, and used material in pleadings) (hereinafter "*Hartpence*").

Art.com "has the burden of establishing the preliminary facts necessary to support a prima facie claim of privilege, *i.e.* a communication made in the course of an attorney-client relationship." *Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 733 (2009). The *Costco* court noted that, in order to evaluate whether the party claiming the privilege has made a prima facie showing, the court's focus should be on the purpose of the *relationship* between the parties to a communication. 47 Cal. 4th at 739-40; *see also Clark*, 196 Cal. App. 4th at 51-52. If Art.com is able to establish a prima facie claim of privilege, "the communication is presumed to have been made in confidence and [Gotham City] has the burden of proof to establish the

communication was not confidential or that the privilege does not for other reasons apply." *Costco*, 47 Cal. 4th at 733.

In *Clark*, the plaintiff, Verisign's former chief administrative officer, was terminated, and he retained counsel to pursue a claim against Verisign. During the litigation his counsel advised Verisign's counsel that he intended to assert an additional claim that Verisign believed was based on privileged information that the plaintiff improperly took from Verisign when it terminated his employment. 196 Cal. App. 4th at 42-43. Verisign immediately demanded that the plaintiff return all Verisign documents, including any privileged documents, and that he cease using that information or documents. As the litigation proceeded, it became clear that plaintiff and his counsel had not complied and had used privileged information during the litigation. *Id.* at 43-44. Verisign then moved to disqualify.

Applying the principles outlined in *Costco* and *Rico*, the *Clark* court found that a declaration from counsel "stating the identities of the parties to each of the sets of the communications ... and the general nature of the purpose of the communication (all of which involved obtaining legal advice on a variety of subjects)" was sufficient to establish a prima facie claim of privilege. 196 Cal. App. 4th at 49, 51-52; *cf. Hartpence*, 2013 WL 2278122, at *2 (noting that relators were former executives of defendant and had extensive contacts with defendant's lawyers, so that "counsel should have known that many of the documents ... were privileged").

It is undisputed that the Principals were employees of Art.com at the time the communications were made. Although only one of the emails at issue appears to have been clearly marked as "Privileged; Confidential," that fact is not dispositive. "The absence of prominent notations of confidentiality does not make them any less privileged." *Rico*, 42 Cal. 4th at 818; *see also Clark*, 196 Cal. App. 4th at 51-52 (concluding privilege applied even when all documents did not contain privilege designation). It also is not seriously disputed that members of Art.com's legal department were parties to those communications. BraunHagey argues that, based on its review of the documents, and in the Principals' opinion, the communications were business related. However, Art.com's in-house counsel, Kevin Lucas,

6

1  attests that he and other members of Art.com's legal department were parties to the
2  communications, he describes the general nature of these communications, and he attests that
3  they were made for the purpose of obtaining or receiving legal advice. (*Id.* ¶¶4, 8-13, 16.) The
4  Court concludes that Art.com has made a prima facie claim of privilege. Accordingly, the
5  emails are presumed to have been made in confidence, and Gotham City bears the burden to
6  show the privilege does not apply.

7      Gotham City argues that Art.com waived the privilege by submitting the Proffer as part
8  of its arbitration demand. However, Art.com attests that it has not provided the documents
9  attached to the Proffer. It is Gotham City's burden to show a waiver, and the Court finds it fails
10 to meet its burden. Similarly, to the extent BraunHagey argues that the documents are not in
11 fact privileged and, thus, it was entitled to review them, it was not BraunHagey's role to make
12 that determination. As the Ninth Circuit stated in the *Gomez* case, "[t]he path to [an] ethical
13 resolution is simple: when in doubt ask the court." 255 F.3d at 1135.

14     Because Gotham City has failed to show the privilege does not apply, the Court must
15 consider whether BraunHagey complied with its ethical obligations under *Rico*. The Court
16 concludes it did not. First, it is not seriously disputed that BraunHagey reviewed and analyzed
17 the emails and, thus, it reviewed the documents more than was reasonably necessary to make a
18 determination that there was a privilege issue. *Cf. Hartpence*, 2013 WL 2278122, at *3 (citing
19 *Clark*, 196 Cal. App. 4th at 54-55 and finding that relator's counsel had used privileged
20 materials to craft claims and incorporated verbatim content from privileged material into
21 pleadings). Although BraunHagey contends it took remedial action once Art.com notified it of
22 the issue, BraunHagey received the documents in October 2013. Under *Rico*, it would have
23 been BraunHagey's duty to notify Art.com of this issue when it came into possession of the
24 privileged materials and to cease any further review pending resolution of the issue.

25     The Court acknowledges that the disqualification issue is complicated by the
26 relationship between the Principals and Gotham City, the legal entity that is the plaintiff in this
27 case. BraunHagey argues that, as its clients, the Principals were permitted to disclose
28 confidential information so that they could obtain legal advice on how to pursue *their* claims

7

1  against Art.com.  BraunHagey relies on *Neal v. Healthnet, Inc.*, 100 Cal. App. 4th 831 (2002),
2  *Fox Searchlight v. Paladino*, 89 Cal. App. 4th 294 (2001), and *Bell v. 20th Century Ins. Co.*, 212
3  Cal. App. 3d 194 (1989), each of which support the proposition that a party cannot improperly
4  disclose confidential information to prosecute its lawsuit.  *Neal*, 100 Cal. App. 4th at 843-44;
5  *Fox Searchlight*, 89 Cal. App. 4th at 302-304; *Bell*, 212 Cal. App. 3d at 198.  If the dispute
6  before the Court was a wrongful termination claim by the Principals, the Court might well
7  follow find these cases to be on point.  However, the case at bar was filed by by a different - and
8  presumably separate - legal entity, Gotham City, for claims that are, in Gotham City's own
9  words, "unrelated" to the employment disputes between Art.com and the Principals.  In
10 addition, in the *Fox Searchlight* case, the court noted that even though a client may be permitted
11 to disclose confidences to his or her attorney, the client and the attorney would not necessarily
12 be permitted to disclose privileged information in public records or proceedings.  *Fox*
13 *Searchlight*, 89 Cal. App. 4th at 311-14.

14      Although Gotham City's reliance on these cases has not persuaded the Court that the
15 motion should be denied, the Court has considered them in connection with the breadth of the
16 remedy to be imposed.  Art.com has asked that the Court disqualify BraunHagey from
17 representing Gotham City and the Principals in this case *and* in any other dispute arising out of
18 the sale of Poster Revolution to Art.com and to any employment disputes, disputes that are not
19 before this Court.  In light of the principles set forth in *Neal*, *Fox Searchlight*, and *Bell*, the
20 Court finds that Art.com's requested relief is too broad.

21      Accordingly, it is HEREBY ORDERED that the law firm of BraunHagey & Borden
22 LLP ("Braun Hagey") is hereby disqualified from serving as counsel for Gotham City Online
23 ("Gotham City") in the above captioned matter.

24      BraunHagey, Gotham City, and the Principals are ordered to return all copies in their
25 possession, custody, or control of the documents listed in the Declaration of Kevin Lucas and
26 any other Art.com documents in their possession, custody or control that are protected by the
27 attorney-client or work product privilege within five court days of the date of this Order.
28

Braun Hagey, Gotham City, and the Principals are ordered to inform Art.com within five court days of the date of this Order of the identify of any persons to whom they disclosed any of the attorney-client privileged documents or information contained therein.

BraunHagey and the Principals shall not discuss the contents of the attorney-client privileged documents with new counsel in this action and shall not provide their work product in this action to Gotham City or new counsel.

Gotham City shall retain alternate counsel who shall immediately file a notice of appearance and a declaration that new counsel has received no information about or contained in the attorney-client privileged documents.

The action is stayed pending the retention and appearance of new counsel for Gotham City.

**IT IS SO ORDERED.**

Dated: March 13, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

9